## VICKSBURG BANK *v.* L. A. MOSS.

1. SUPREME COURT PRACTICE. *Verdict, when not disturbed.*
   This court reiterates the rule heretofore several times announced, that where, in a civil case appealed from the circuit court, there is such a conflict in the testimony that the mind cannot repose with entire confidence and certainty upon a conclusion in favor of either party, the verdict of the jury will not be disturbed if no error of law was committed in the lower court.

2. PRACTICE. *Trial. Message from judge to jury. Effect on verdict.*
   The jury trying an action of assumpsit retired to consider of their verdict about three o'clock P. M. on a Saturday. At four o'clock the court was informed that the jury had not agreed, and the plaintiff's counsel stated to the court that he would not consent for them to be discharged till they had returned a verdict. The court then informed the jury, through the bailiff, that they must remain together until they had agreed, and if they had not agreed by nine o'clock, "they must remain in the jury room, as the court would adjourn till Monday." At about half-past five o'clock the jury rendered a verdict for the defendant. A motion for a new trial having been overruled, the plaintiff appealed. *Held,* that the court's communication with the jury was improper; but, as it does not appear that appellant was prejudiced thereby, the verdict cannot be set aside because of such irregularity.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellant sued the appellee to recover a balance alleged to be due on an open account.  The various items of the account were admitted to be correct, but the appellee claimed that the account had been paid by cash sent by him to the appellant at a specified time, which appellant received, but failed to credit on the account.  The contest in the lower court was upon the question whether this payment had been made or not.  There was positive evidence to show that the payment had been made, and evidence quite as positive to show that it had not been made.

The jury retired to consider of their verdict in the case about three o'clock P. M., Saturday.  About four o'clock the bailiff announced to the court that the jury had not agreed, and appellee's counsel informed the court that he would not consent for the jury to be discharged until they agreed upon a verdict.  Whereupon the court informed them, through the bailiff, that they must remain together until they agreed, and if they did not agree by nine o'clock P. M., they would have to remain in the jury room, as the court would then adjourn until Monday.  About half-past five o'clock the jury returned a verdict for the appellee.

It is assigned for error that the verdict is contrary to the clear preponderance of evidence and the instructions of the court, and that the court erred in communicating with the jury in the manner stated above.

*Shelton & Crutcher*, for the appellant.

The action of the judge in reference to the jury defeated the ends of justice in the case, and the verdict should be set aside.

The only case in which this question has arisen in this State is that of *Pope & Jacobs* v. *State*, 36 Miss. 134, 135.  The objection was not sustained there upon the *express ground that the statement of the bailiff was known by the jury to be without authority of law, and did not purport to come from the judge.*

A bailiff in charge of a jury, finding that they did not agree, told them that, in his opinion, the judge would detain them for a week.  Held sufficient ground for a new trial.   *Obear* v. *Gray*, 68 Ga. 182.

In *Reach* v. *Cambridge,* 124 Mass. 567, a very full review of the subject is made, and the point we make sustained.

In *Gohlson* v. *Gohlson,* 31 Ga. 626, the court, on pp. 639–40, say : " The last ground of error assigned is that the jury were improperly influenced to agree upon a verdict by representations that, unless they should agree speedily, the judge would carry them with him to Elliott County, and that he was making preparations to do so. This communication was made to them by the sheriff of the county, under whose official charge they had been placed. The conduct of the sheriff was a gross and flagrant violation of his official duty, and, moreover, it cannot be lightly regarded in considering the validity of this verdict. It is an inflexible rule of law that after a jury shall have been charged with a cause, having had the law and the evidence placed before them by or under the supervision and direction of the court, all communication between them and the rest of mankind shall be suspended, except by permission of the court, until they shall have been discharged from the cause." The verdict in that case was set aside.

The case at bar is even stronger than the last quoted from. Here the information comes directly from the judge of the court in response to a message from the jury that they were unable to agree. It clearly appears that, up to the time this message was sent, the minds of the jury had not concurred on this finding. Therefore, whatever was done subsequently must be taken as done under the influence of a threat, whose language and source under the circumstances would intimidate any ordinary juror.

*Catchings & Dabney,* for the appellee.

The judge's communication with the jury did not vitiate the verdict. It will hardly be denied that the court had the right to keep the jury for the balance of the term. The most that could be said of this is that the jury were informed that the right would be exercised in part.

The common-law rule was to keep the jury confined until a verdict was agreed on ; and the writers on the subject discuss more the question of the right of the court to *discharge* a jury than to *keep it together*. In the latest work on Jury Trials, we do not find

a line or word which would sustain appellant's position. See Proffant on Jury Trials, § 475 *et seq.*, and note 1 to § 475, and generally; also, § 349. See, also, *Pope* v. *State*, 36 Miss. 121.

This court cannot presume that the jury would not have brought in the verdict without the message. Suppose that the court had said to the jury, when they were about to retire, what was afterward communicated to them? It would not, we opine, be held error for which a reversal would be adjudged.

The question is pretty freely considered in *Spearman* v. *Wilson*, 44 Ga. 477. See latter part of page:

"The judge may restrain them in their room, may limit sustenance," etc.; "may, during the whole court, hold them upon the case," etc.

*It was the duty* of the court to hold the jury together until it was clear that they would not agree. To hold them thirty-six hours would *not be an unreasonable time*, and if this was the right and duty of the court, informing the jury of such an intention could not be error.

ARNOLD, J., delivered the opinion of the court.

The issue joined between the parties was fairly submitted to the jury. There is no complaint as to the instructions. It cannot be said that the verdict is manifestly wrong. The conflict in the testimony was about as positive as it well could be in any case, and which side should have the verdict depended upon the credibility to be ascribed to the respective witnesses. This was a matter exclusively for the determination of the jury. We adhere to the rule, several times announced by this court, that where there is such conflict in the testimony that the mind cannot repose with entire confidence and certainty upon a conclusion in favor of either party, the verdict of the jury will not be disturbed here if no error of law has intervened. *Watson* v. *Dickens*, 12 S. & M. 608; *Wilson* v. *Beauchamp*, 50 Miss. 24; *Pfeifer* v. *Chamberlain*, 52 Miss. 89.

The communication had with the jury, after they retired to consider of their verdict, was an irregularity not to be encouraged. According to some authorities, it would vitiate the verdict, but we

are unable to see how appellant was prejudiced by the occurrence. If it had any effect at all upon the jury, it must have operated as much in favor of appellant as for the appellee. *Pope, etc.,* v. *The State,* 36 Miss. 121.

The facts that the jury deliberated about an hour and a half after the communication was made to them, and that they agreed and returned their verdict into court several hours before the time at which it was suggested the court would adjourn, show that they did not act hastily, and were not unduly influenced by the communication.

*Affirmed.*